UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DANIELLE HOLLENSHADE, individually,
    Plaintiff,

v.

GLASS MOUNTAIN CAPITAL LLC,        **JURY DEMAND**
a Delaware limited liability company,
    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff DANIELLE HOLLENSHADE alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Defendant GLASS MOUNTAIN CAPITAL LLC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff DANIELLE HOLLENSHADE is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the sole owner, possessor, subscriber, and operator of the cellular telephone and number that Defendant was calling.

6. Defendant GLASS MOUNTAIN CAPITAL LLC ("Glass Mountain") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 1930 Thoreau Drive, Suite 100 Schaumburg, IL 60173; Plaintiff further alleges that Glass Mountain is a citizen of the States of Delaware and Illinois.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. The Plaintiff previously obtained a consumer credit card from Bank of America.

10. Plaintiff used this consumer credit card for primarily personal, family, and household purposes.

11. The Plaintiff incurred a balance on said credit card, and this balance subsequently went into default.

12. Bank of America eventually sold and assigned this debt to another entity. Upon information and belief, the current assignee of this debt is Cavalry Portfolio Services.

13. Cavalry Portfolio Services subsequently engaged the services of Defendant Glass Capital to attempt to collect the consumer debt from Plaintiff.

14. Glass Capital subsequently discovered the Plaintiff's cellular telephone number and began placing automated telephone collection calls to her.

15. Upon first receiving any of these calls, the Plaintiff's cellular telephone indicated that the caller's telephone number began with "954," an area code associated with South Florida, even though the Defendant is located in Illinois.  "954" is the same area code associated with the Plaintiff's cellular telephone number.

16. Upon answering any of these calls, the Plaintiff was always met by a recorded message advising her to "please wait for the next available agent," or a noticeable period of "dead air" while the caller's telephone system attempted to connect her to a live employee of Glass Mountain.

17. Upon returning any of these telephone calls, the caller advised that the call was made by Glass Mountain in an effort to collect the balance on Plaintiff's old Bank of America bill.

18. On September 10, 2013, the Plaintiff received a voicemail on her cellular telephone from the Defendant, transcribed as follows:

    > This confidential message is for Diane (sic) Hollenshade.  Diane this is Alan Scott calling from Glass Mountain Capital.  Please contact my office as soon as you receive this message.  The number I can be reached is 877-790-7088.  The direct extension to my office is 2172.  When calling back use file number [REDACTED].  Contact me as soon as you receive this message today.  Thank you.

19. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

3

20. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

21. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates paragraphs 1 through 21 herein.

23. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff DANIELLE HOLLENSHADE, requests that the Court enter judgment in favor of Plaintiff and against Defendant GLASS MOUNTAIN CAPITAL LLC for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

    f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff incorporates paragraphs 1 through 21 herein.

25. The Defendant violated the FDCPA in its September 10, 2013 voicemail, which failed to disclose that the caller was a debt collector as required by 15 U.S.C. § 1692e(11) of the FDCPA.  See <u>Foti v. NCO Financial Systems, Inc.</u>, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

WHEREFORE, Plaintiff DANIELLE HOLLENSHADE, requests that the Court enter judgment in favor of Plaintiff and against Defendant GLASS MOUNTAIN CAPITAL LLC for:

    a.    actual damages;

    b.    statutory damages of $1,000.00;

    c.    attorney's fees, litigation expenses, and costs of the instant suit, and;

    d.    such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 17th day of October, 2013.

> BRET L. LUSSKIN, Esq.
> *Attorney for Plaintiff*
> 1001 N. Federal Hwy., Ste 106
> Hallandale Beach, Florida 33009
> Telephone: (954) 454-5841
> Facsimile: (954) 454-5844
> blusskin@lusskinlaw.com
>
> By: /s/ Bret L. Lusskin, Esq.
>     Bret L. Lusskin, Esq.
>     Florida Bar No. 28069